Education Law §§ 2-d, 2-d(1)(c), 2-d(1)(k), 2116-a(3); Public Law 111-5 § 13402(h)(2); New York Constitution Article V § 1; State Finance Law § 8

The State Comptroller and his designees are not "third party contractors," as defined in Education Law § 2-d, when auditing the State Education Department under the Comptroller's constitutional authority.

December 21, 2017

Nancy Groenwegen
Counsel
Office of the State Comptroller
110 State Street, 14th Floor
Albany, New York 12236

Formal Opinion
No. 2017-F1

Dear Ms. Groenwegen:

You have requested an opinion regarding whether Education Law § 2-d applies to the Comptroller or his designees performing an audit of the State Education Department (SED). Specifically, you have explained that in connection with an audit of SED's efforts to reduce chronic absenteeism, designees of the Comptroller (hereinafter "OSC") must access student data that is protected by law as confidential personally identifiable information.[1] SED agrees that OSC may access the information; the disagreement is only as to whether OSC is a "third party contractor," as defined in Education Law § 2-d, subject to the special rules, described below, that govern access to and use of students' personally identifiable information by third party contractors. SED has suggested that the confidentiality agreement that OSC enters with the entities it audits, including SED, constitutes a contract that renders OSC subject to section 2-d's rules. As explained below, we are of the opinion that OSC is not a third party contractor under section 2-d and thus is not subject to that section's rules.

Education Law § 2-d limits the collection and use of personally identifiable information from the student records maintained by an "educational agency," which includes SED. Education Law § 2-d(1)(c). As relevant here, a third party contractor that receives student data must satisfy certain obligations, including limiting internal access to education records to those individuals who are determined to have legitimate educational interests and, to protect data from unauthorized disclosure while it is in the third party contractor's custody, using an encryption technology or methodology specified by the Secretary of the United States Department of Health & Human Services in guidance issued under section 13402(h)(2) of Public Law 111-5.

---

[1] OSC would be subject to the requirements of the federal Family Educational Rights and Privacy Act to the extent it accesses data protected by that law. 20 U.S.C. § 1232g; 34 C.F.R. Part 99.

A "third party contractor" is defined by section 2-d to be "any person or entity, other than an educational agency, that receives student data . . . from an educational agency pursuant to a contract or other written agreement for purposes of providing services to such educational agency." Education Law § 2-d(1)(k).

The Comptroller and OSC are not "third party contractors" under Education Law § 2-d. Specifically, they will not be receiving student data from SED "pursuant to a contract or other written agreement for purposes of providing services to" SED. The Comptroller is the independent auditing official for the affairs of the State, whose authority to audit departments of the State derives from the state Constitution. *Patterson v. Carey*, 41 N.Y.2d 714, 723 ( 1977); N.Y. Const. Art. V, § 1; *see also* State Finance Law § 8. It is under this authority—not pursuant to a contract between OSC and SED—that he and his designees are conducting the instant audit, in the course of which they will receive student data from SED. Moreover, the confidentiality agreement between OSC and SED is not a contract for OSC *to provide services to* SED. Finally, while the services that a third party contractor might provide to an educational agency include "audit or evaluation of publicly funded programs," this reference does not draw OSC within the ambit of section 2-d. Education Law § 2-d(1)(k). We note that school districts—also "educational agencies"—must have an annual audit conducted by an independent accountant. Education Law § 2116-a(3). Thus, our conclusion that OSC is not a third party contractor does not render the "audit" language of section 2-d meaningless.

In sum, we conclude that the Comptroller and his designees are not "third party contractors" subject to the requirements for such contractors established by Education Law § 2-d when auditing SED under the Comptroller's constitutional authority.

Very truly yours,


ERIC T. SCHEIDERMAN

2